PAULINE S. VON BERNUTH

*v.*

FREDERICK A. VON BERNUTH.

[Decided July 16th, 1909.]

Where a husband, pending suit against him for divorce, applied for the right of access to and custody of his children, two boys, ten and fifteen years of age, respectively, and they, on a private examination, exhibited extreme hatred for their father, absolutely refusing to see him, and declined to entertain any propositions looking toward the father's society, which it appeared resulted from the mother's adverse influence over them, the father's application will be denied; but he was entitled to a reduction of alimony for their support from $46 to $10 a week.

On petition for custody of children in a pending divorce suit.

*Mr. Borden D. Whiting* and *Mr. Strong* (of the New York bar), for the petitioner.

*Mr. Thomas L. Raymond, contra.*

HOWELL, V. C.

A divorce suit was brought in favor of the petitioner against the defendant in October, 1908. The defendant has answered and the cause has been set down for final hearing. On June 15th, 1909, the defendant, the husband, filed his petition in the divorce suit praying for an order giving to him the right of access to and custody of his children upon such terms and in such manner as to the court might seem just and proper. On the presentation of the petition, an order was made directing that a writ of *habeas corpus* issue to bring the children before the court. This writ was made returnable on June 23d, 1909, and was returned on that day by the mother who therewith produced the children in court. They are two boys, one about fifteen years of age, and the other about ten. The application of the father was strenuously resisted. I submitted the children to a private examination lasting the better part of a half hour. They exhibited extreme hatred and contempt of their father and absolutely refused to see him or to be seen by him. I urged upon them the duty which they were under to attempt to reconcile their parents, and endeavored to have them consent to spend the month of August with their father at their paternal grandfather's summer residence in the State of New Hampshire, this having been suggested in the petition and proposed in open court. The children declined these propositions and absolutely refused to entertain them or to see the father under any circumstances. I thought that I was able to perceive that the mother had been exercising an adverse influence over the children, because it is quite unnatural that children of fifteen and ten years of age should exhibit toward their father the hatred which these two boys seemed to bear toward theirs. Under these circumstances, I do not see how the court could reasonably grant the prayer of the petition. I think the result is wholly chargeable to the mother, and, under the circumstances, I see

no reason why the father should be compelled to support children who thus renounce him. I so announced on the return of the writ of *habeas corpus* after my examination of the children, and intimated to counsel for the defendant that I would listen to an application for the reduction of the alimony. Such a motion has been made and has been fully argued on behalf of both parties, and I think it proper under the circumstances and in the exercise of a proper discretion to make the reduction. The matter of alimony and counsel fee was originally referred to a master, who made a report that the two boys were being maintained by the mother without consultation with the father, at the rate of $2,200 annually, which amount was paid by him. This expenditure amounts to about forty-six dollars per week. I will advise an order reducing the alimony payable by the husband to the wife to the sum of $10 per week, the reduction to take place from and after the date of the order relating thereto.